UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN ONDOVCSIK,
By JASON R. DYE, Next Friend,
(and/or ROXANNE HARRIS, Next Friend),

      Plaintiffs,

v.

GENESEE COUNTY, SHERIFF CHRIS
SWANSON, GENESEE COUNTY JAIL
OFFICIALS, JENNIFER KEILLOR, AND
UNKNOWN AGENTS,

      Defendants,

_____/

Case No. 2:25-cv-12876
Hon. Brandy R. McMillion
United States District Judge

## ORDER OF SUMMARY DISMISSAL

This matter was originally before the Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241; filed concurrent with a Motion for a Temporary Restraining Order. *See generally* ECF Nos. 1, 2. On September 11, 2025, Plaintiff Dustin Ondovcsik, through Next Friend Jason R. Dye and/or Roxanne Harris (collectively, "Plaintiffs"), filed an amended *pro se* civil rights compliant pursuant to 42 U.S.C. § 1983 and the Michigan Whistleblowers' Protection Act against Defendants Genesee County, Sheriff Chris Swanson, Genesee County Jail Officials, Jennifer Keillor (Director of Genesee County Friend of the Court), and

1

Unknown Agents (collectively, "Defendants").  *See* generally ECF No. 6.[1]  Dye, as Next Friend, alleges that Ondovcsik engaged in whistleblowing by exposing misconduct and unlawful practices in Genesee County and as a result now faces false criminal charges and unconstitutional conditions of confinement.  *Id.* at PageID.17. Dye has also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs.  ECF No. 4.  After reviewing the Complaint, the Court **SUMMARILY DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court finds that Dye and/or Harris lack standing to bring this action on Ondovcsik's behalf and any alleged state law claims should be litigated in state court.

# I.

The petition alleges that on an unknown date, Ondovcsik engaged in protected whistleblowing activity about misconduct in Genesee County.  ECF No. 6, PageID.18.  In retaliation for his conduct Jennifer Keillor, filed charges against him for touching her arm, which Ondovcsik states is contradicted by video evidence.  *Id.* at PageID.18-19.  The allegations led to production of a warrant which Ondovcsik claims was issued without due process.  *Id.* at PageID.19.  Ondovcsik voluntarily surrendered on the warrant and was placed on a GPS tether, with conditions that his parents remove firearms from their residence.  *Id.*  Ondovcsik alleges that the

---

[1] As noted in the Amended Complaint, Ondovcsik is no longer in custody, so the petition for habeas corpus is moot.  The Court therefore treats the Amended Complaint as the operative complaint.

"retaliatory warrant, tether restrictions, and forced waivers of rights caused [him] loss of liberty, reputational harm, emotional distress, and ongoing chilling of his speech." *Id.*

## II.

Dye has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*).  ECF No. 4.  Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiffs are proceeding *pro se*, the Court must construe their pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.  "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could

prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at \*1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)).  Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at \*2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

### III.

This case is subject to summary dismissal because Jason R. Dye and/or Roxanne Harris lack of standing to assert the federal claims.  Mr. Dye (and/or Ms.

Harris)[2] brings this case on behalf of Mr. Ondovcsik as "Next Friend."  ECF No. 6,
PageID.17, 20.  While true, a civil case may be filed by one person on behalf of
another, "next friend" status will not be granted automatically.  *See Whitmore v.
Arkansas*, 495 U.S. 149, 163 (1990); *see also* Fed. R. Civ. P. 17(c).  Two "firmly
rooted prerequisites" must be satisfied before "next friend" status will be conferred.
*Whitmore*, 495 U.S. at 163.  First, "a 'next friend' must provide an adequate
explanation—such as inaccessibility, mental incompetence, or other disability—
why the real party in interest cannot appear on his own behalf to prosecute the
action."  *Id.*  Second, "the 'next friend' must be truly dedicated to the best interests
of the person on whose behalf he seeks to litigate."  *Id.*  The burden is upon the "next
friend" to establish the propriety of his or her status to justify standing to proceed.
*See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998); *see also Pruitt v. Lewis*,
No. 06-2867 B, 2007 WL 1795841, at *2 (W.D. Tenn. June 21, 2007).

Here, Mr. Dye nor Ms. Harris are permitted to maintain a "next friend" action
on behalf of Mr. Ondovcsik because they fail to allege or present evidence that Mr.
Ondovcsik is incompetent or incapable of bringing the case on his own behalf.  And
they further provide no information that is sufficient to show that they are truly
dedicated to Mr. Ondovcsik's interests.  *See Tate v. United States*, 72 F. App'x 265,

---

[2] The Court notes that Ms. Harris only appears in the caption of the Amended Compliant and that
the pleading is signed by Mr. Dye.  But for the reasons applicable to Mr. Dye, the Complaint must
also be dismissed as an action brought by Ms. Harris.

267 (6th Cir. 2003) (affirming dismissal of case filed by mother and friend of petitioner because they failed to demonstrate they were "truly dedicated to [his] best interests."). Accordingly, both lack standing to file this federal civil rights action and therefore those claims must be summarily dismissed.

That leaves the state law claim for violation of the Michigan Whistleblower Protection Act (Count VI). *See* ECF No. 6, PageID.19. District courts have discretion to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the federal claims (Counts I-V), the Court declines to exercise supplemental jurisdiction over the state law whistleblower claims. The Court, therefore, dismisses those claims without prejudice and instructs Mr. Ondovcsik to refile that claim in state court if he so desires.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that this case is **SUMMARILY DISMISSED**.

Accordingly, the federal claims (Counts I-V) are **DISMISSED** because Jason Dye and/or Roxanne Harris lack standing to bring those claims on behalf of Dustin Ondovcsik; and therefore, fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The state law whistleblower claim (Count VI) is **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Mr.

Ondovcsik so desires.  Mr. Dye's request to proceed *in forma pauperis* (ECF No. 4) and the Motion for a Temporary Restraining Order (ECF No. 2) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: September 18, 2025

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
UNITED STATES DISTRICT JUDGE